IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA A. CELENTANO,

      Plaintiff,　　　　　　　　　No. CIV 11-3456 JAM EFB PS

    vs.

AMERICANS WITH DISABILITIES (ADA) OFFICE, SACRAMENTO SUPERIOR COURT; SHELLEYANNE W.L. CHANG, SACRAMENTO SUPERIOR COURT, and ROES 1-10,

      Defendants.　　　　　　　<u>ORDER</u>

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

defendant. However, on January 24, 2012, plaintiff filed a request for this court to delay consideration of the sufficiency of her action until an amended complaint is filed. Dckt. No. 3. Plaintiff indicated therein that she intends to amend her complaint, but needs an additional thirty days within which to do so. *Id.* at 3.

In light of plaintiff's representation that she intends to file an amended complaint, plaintiff's request to defer screening will be granted and plaintiff's original complaint will not be screened or served at this time. However, plaintiff is directed to file her amended complaint within 30 days of the date of service of this order. If plaintiff fails to do so, the undersigned may screen plaintiff's original complaint and/or dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also* Local Rule 110.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's request that this court defer screening her complaint, Dckt. No. 3, is granted.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended

1 complaint. If plaintiff fails to file an amended complaint, the undersigned may screen plaintiff's
2 original complaint and/or dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b);
3 *see also* Local Rule 110.

4 DATED: February 24, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE