IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA A. CELENTANO,

    Plaintiff,

vs.

AMERICANS WITH DISABILITIES (ADA) OFFICE, SACRAMENTO SUPERIOR COURT; SHELLEYANNE W.L. CHANG, SACRAMENTO SUPERIOR COURT, and ROES 1-10,

    Defendants.

No. CIV 11-3456 JAM EFB PS

ORDER

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 24, 2012, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 4. The court also granted plaintiff's request for this court to delay consideration of the sufficiency of her action until an amended complaint was filed and provided plaintiff thirty days to file an amended complaint. *Id.* at 3.

Plaintiff filed a first amended complaint on March 26, 2012. Dckt. No. 6. However, on April 6, 2012, plaintiff filed a motion for leave to file a second amended complaint and a request that the court defer consideration of the sufficiency of her action until that second amended

1

complaint is filed. Dckt. No. 7. Plaintiff contends that she named the wrong defendants and claims in the first amended complaint and requests leave to file a second amended complaint to name the proper defendants and claims. *Id.* at 2, 4.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because plaintiff has already amended her complaint, plaintiff needs leave of court to file a second amended complaint.

Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." *Id*. The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv*., 87 F.3d 339, 343 (9th Cir. 1996).

Here, although plaintiff filed her initial complaint in this court over three months ago, there is no indication that plaintiff, who is appearing *pro se*, has unduly delayed in making the current request or that her request for leave to file a second amended complaint is in bad faith.
////

Further, the court cannot say at this time that amendment would be futile, and because defendants have not yet been served or appeared in this action, amendment would not be prejudicial to defendants. Accordingly, plaintiff's request to file a second amended complaint will be granted, and plaintiff's first amended complaint will not be screened or served at this time.

Plaintiff is directed to file her second amended complaint within 30 days of the date of service of this order. If plaintiff fails to do so, the court may recommend that this case be dismissed for failure to prosecute and/or for failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *see also* Local Rule 110. Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, the first amended complaint no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint, Dckt. No. 7, is granted; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the second amended complaint. If plaintiff fails to file a second amended complaint,

////

////

the undersigned may recommend that this case be dismissed for failure to prosecute and/or for failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *see also* Local Rule 110.

DATED: April 11, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4