IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA A. CELENTANO,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICANS WITH DISABILITIES (ADA) OFFICE, SACRAMENTO SUPERIOR COURT; SACRAMENTO SUPERIOR COURT; JUDICIAL COUNCIL OF CALIFORNIA; and DOES 1 through 10,<br><br>    Defendants.<br>_____/ | No. 2:11-cv-3456 JAM EFB PS<br><br><br><br><br><br><br><br><br><br>ORDER |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 24, 2012, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 4. The court also granted plaintiff's request for this court to delay consideration of the sufficiency of her action until an amended complaint was filed and provided plaintiff thirty days to file an amended complaint. *Id.* at 3.

Plaintiff then filed a first amended complaint on March 26, 2012. Dckt. No. 6. However, on April 6, 2012, plaintiff filed a motion for leave to file a second amended complaint and a request that the court defer consideration of the sufficiency of her action until that second

1

amended complaint is filed. Dckt. No. 7. Plaintiff contends that she identified the wrong defendants and claims in the first amended complaint and requested leave to file a second amended complaint to name the proper defendants and claims. *Id.* at 2, 4.

On April 11, 2012, the court issued an order granting plaintiff thirty days to file a second amended complaint and informing plaintiff that, as a result, her first amended complaint would not be screened at that time. Dckt. No. 8. Then, on May 11, 2012, plaintiff filed a "Request to Allow First Amended Complaint." Dckt. No. 9. Plaintiff stated that she attempted to draft a second amended complaint within the thirty day time period, but was unable to do so because of her continuing health problems. *Id.* Accordingly, plaintiff requests that the court deem her first amended complaint as the operative complaint in this action. *Id.* at 2. That request is granted.

However, before directing service of plaintiff's first amended complaint, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2).

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

2

1 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
2 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must
3 satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule
4 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
5 pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
6 grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
7 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

8 Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
9 those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*
10 *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &
11 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question
12 jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution,
13 (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution,
14 or (3) be authorized by a federal statute that both regulates a specific subject matter and confers
15 federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
16 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
17 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
18 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
19 of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of
20 subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
21 *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

22 Plaintiff's first amended complaint alleges that the Americans with Disabilities Office for
23 the Sacramento Superior Court, the Sacramento Superior Court, and the Judicial Council of
24 California violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131
25 *et seq*. ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq*. ("Rehabilitation
26 Act") by failing to permit plaintiff to telephonically appear for a hearing on a motion to compel

3

that was filed in an action plaintiff had commenced in state court. Dckt. No. 6 at 7, 10. Plaintiff also contends that the ADA Office violated the ADA and the Rehabilitation Act by ignoring plaintiff's request to initiate a discrimination complaint and to accept and process plaintiff's complaint *Id.* at 10. Plaintiff alleges that at the time of the alleged disability discrimination, plaintiff had a mobility disability because her "knees were damaged in an accident and . . . have continued to deteriorate as time passes." *Id.* at 11, 12. Plaintiff alleges that it was "difficult for [her] to get to Sacramento Superior Court" because of the distance and lack of good public transportation options between her home and the court. *Id.* at 12.

"To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Similarly, to state a claim under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) she is an "individual with a disability"; (2) she is "otherwise qualified" to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *See* 29 U.S.C. § 794; *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997); *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988).

Here, although plaintiff's amended complaint alleges that she is "disabled," it does not allege that she is disabled within the meaning of the ADA or the Rehabilitation Act. Additionally, although plaintiff alleges that she was denied the ability to appear at a hearing telephonically and that the ADA Office failed to process plaintiff's discrimination complaint, she does not allege that she was excluded from participation in or denied the benefits of defendants'

4

services, programs, or activities, or was otherwise discriminated against by defendants, or that she was "otherwise qualified" to receive a benefit from defendants. Further, plaintiff does not allege that the denial of her request to appear at a hearing telephonically or the failure to process her discrimination complaint had anything to do with her alleged disability.

Therefore, because plaintiff's amended complaint fails to state a claim under either Title II of the ADA or Section 504 of the Rehabilitation, the amended complaint will be dismissed. However, plaintiff is granted leave to file a second amended complaint, to the extent that she can allege sufficient facts in support of her ADA and/or Rehabilitation Act claims. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; shall use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b); and must plead clear facts that support each claim under each header.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, the first amended complaint no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's "Request to Allow First Amended Complaint," Dckt. No. 9, is granted;

////

1      2.  Plaintiff's first amended complaint is dismissed with leave to amend, as provided
2 herein; and
3      3.  Plaintiff is granted thirty days from the date of service of this order to file a second
4 amended complaint.  The amended complaint must bear the docket number assigned to this case
5 and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two
6 copies of the second amended complaint.  If plaintiff fails to file a second amended complaint,
7 the undersigned may recommend that this case be dismissed for failure to prosecute and/or for
8 failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *see also* Local Rule 110.
9 DATED:  June 8, 2012.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE